```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SERGEY YEKIMOFF,                     :
                                     :
                Petitioner,          :     02 Civ. 8710 (BSJ)(DCF)
                                     :
           v.                        :          ORDER
                                     :
NEW YORK STATE DIVISION OF PAROLE,   :
                                     :
                Respondent.          :
------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

This Court is in receipt of petitioner, Sergey Yekimoff's

("Petitioner") Objection to Magistrate Judge Debra Freeman's

Second Supplemental Report and Recommendation dated January 6,

2005, which concluded that the Court should dismiss Petitioner's

remaining claims as untimely under 28 U.S.C. § 2244(d) and that

the Court should decline to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c)(1)(A), because Petitioner has

not made a substantial showing of the denial of a constitutional

right.  For the reasons that follow, this Court confirms and

adopts the Second Supplemental Report and Recommendation in its

entirety, having reviewed the issues de novo and been satisfied

that Judge Freeman's conclusions concerning the untimeliness of

Petitioner's claims are correct.

PROCEDURAL HISTORY

On September 28, 1999, Petitioner pled guilty to grand

larceny in the second degree, pursuant to New York Penal Law §

155.40(1), for defrauding an elderly acquaintance of approximately $180,000. On October 12, 1999, Petitioner was sentenced to six months of incarceration, followed by five years probation. In addition, Petitioner entered into a restitution agreement and signed a confession of judgment.

Petitioner was released on his sentencing date based upon time served and began his required period of probation. Petitioner did not comply with the terms of his probation, however, by leaving the country and living in Europe and Canada for a period of time. Petitioner was arrested when he returned to his residence in New Hampshire. Because Petitioner did not comply with the terms of his probation, he was re-sentenced on September 4, 2001 to an indeterminate sentence of one to three years of incarceration. Petitioner was released from prison on July 1, 2002 and was discharged from parole on July 1, 2003.

Petitioner did not directly appeal his conviction for larceny, allegedly because his attorney erroneously told him that he had waived his right to appeal by pleading guilty. Upon learning that he had not, in fact, waived his right to appeal, Petitioner sought leave to extend the time to appeal, which was denied by the Appellate Division, First Department, on May 29, 2001. Thereafter, Petitioner undertook several unsuccessful collateral challenges to his conviction and parole status,

followed by the filing of the instant habeas petition on

September 9, 2002.[1]

Petitioner asserted the following claims challenging his

conviction: (1) that he was denied the right to proceed pro se

during the underlying criminal proceedings; (2) that his

indictment was constitutionally defective under the Fifth,

Sixth, and Fourteenth Amendments; (3) that he received

ineffective assistance of trial counsel with respect to

proceedings leading up to his guilty plea; (4) that his due

process rights were violated because his plea waiver was

"unintelligent" and his plea was "constitutionally invalid"; and

(5) that he received ineffective assistance of appellate counsel

when his attorney failed to file a requested appeal and

incorrectly informed Petitioner that he had waived his right to

appeal.  Respondent argued that the habeas petition was untimely

because it was not filed within the one-year statute of

limitations from the date the judgment became final, as set

forth in 28 U.S.C. § 2244(d)(1).  Petitioner's sentence became

final on November 12, 1999.

Magistrate Judge Freeman's July 8, 2004 Report and

Recommendation recommended dismissing Petitioner's habeas claims

as time-barred.  Petitioner objected, relying on Walker v.

---

[1] In his habeas petition, Petitioner challenged both his conviction and the
subsequent parole proceedings.  On October 7, 2003, the Court dismissed his
parole claims as moot since he was released from parole during the pendency
of the Petition.

Crosby, 341 F.3d 1240 (11th Cir. 2003), on the ground that his timely parole claims revived his entire habeas petition. The matter was referred back to Magistrate Judge Freeman who again issued a Report and Recommendation supporting the dismissal of the petition as time-barred. In response, Petitioner filed new objections arguing that his claims are timely when the equitable and statutory tolling of the statute of limitations has been properly applied. This Court adopted the Report and Recommendation's analysis under Walker and referred the issue back to Magistrate Judge Freeman for clarification of the statute of limitations calculations. The Second Supplemental Report and Recommendation again supported the dismissal of the petition as time-barred. Petitioner now submits objections to the Second Supplemental Report and Recommendation's tolling and due diligence determinations and moves for issuance of a certificate of appealability.

                            DISCUSSION

A district court may adopt those portions of a Magistrate Judge's report to which "no specific, written objections" are made, so long as they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). A district court must review de novo those portions of a Magistrate Judge's report to which objections have been made. Id. "Once objections are received, a district judge may accept, reject, or modify, in whole or in

part, the findings and recommendations of the Magistrate."

Stokes v. Miller, 216 F. Supp. 2d 169, 171 (S.D.N.Y. 2000).

## I.    Statute of Limitations Tolling Periods

28 U.S.C. § 2244(d)(1)(D) provides that the one year
limitations period for filing a habeas petition in federal court
ordinarily begins to run from "the date on which the factual
predicate of the claim or claims presented could have been
discovered through the exercise of due diligence."  "The time
during which a properly filed application for State post-
conviction or other collateral review ... is pending shall not
be counted toward any period of limitation."  Id.  Petitioner
argues that when all statutory tolling periods are calculated
and when any periods of equitable tolling are properly
considered, his Invalid Plea and Inadequacy of Appellate Counsel
claims are timely.

### 1. Pendency and Leave to Appeal Denial of § 440.10 Motion

Petitioner does not object to Judge Freeman's calculations
for the tolling of the statute of limitations during the
pendency of his § 440.10 motion and during his leave to appeal
denial of the § 440.10 motion.  Because there is no clear error
in this portion of the Report and Recommendation, the Court
confirms and adopts its reasoning and finds that the statute of
limitations was tolled from July 16, 2001 through August 30,
2001 and August 30, 2001 through October 30, 2001.

## 2. Pendency of Coram Nobis Petition

In Petitioner's first objection, he argues that the statute of limitations should have been tolled during the pendency of his coram nobis petition between October 31, 2001 and July 11, 2002. The Report and Recommendation did in fact recommend tolling this period. Because there is no clear error in this portion of the Report and Recommendation, the Court confirms and adopts its reasoning and finds that the statute of limitations was tolled between October 31, 2001 and July 11, 2002.

## 3. Pendency of Application for a Writ of Certiorari

Petitioner next objects to the statute of limitations running while his motion for leave to file a late appeal from his conviction was pending with the State court. When a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," the statute of limitations will be tolled. 28 U.S.C. § 2244(d)(2). However, "[a] motion for extension of time to file an appeal does not toll AEDPA's limitation period unless an extension is actually granted." Isasi v. Herbert, No. 01-CV-1804, 2001 WL 1727325, at *9 (E.D.N.Y. June 16, 2004); see also Bethea v. Girdich, 293 F.3d 577, 579 (2d Cir. 2002). Here, Petitioner's motion for leave to file a late appeal was denied. Therefore, the Court confirms and adopts the Report and

Recommendation's conclusion that the statute of limitations ran from March 19, 2001 to May 29, 2001.

Petitioner next argues that the statute of limitations should have been statutorily tolled during the period following the denial of his § 460.30 motion until the filing of his § 440.10 motion, i.e., from May 29, 2001 to July 16, 2001, presumably because a petition for certiorari could have been filed during that time. As noted above, Section 2244(d)(2) states that when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment claim is pending," the statute of limitations will be tolled. 28 U.S.C. § 2244(d)(2) (emphasis added). In interpreting this section, Petitioner relies the Sixth Circuit's holding in Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003), which stated that "'pending' also refers to the time allowed an inmate to file a certiorari petition regardless of whether such a filing actually occurs." However, under the law of this Circuit, if certiorari from the Supreme Court is never sought, it has been neither properly filed nor pending. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001). Therefore, because Petitioner did not file an application for a writ of certiorari after the denial of his § 460.30 motion and before the filing of his § 440.10 motion, a writ of certorari was not properly filed or pending, and this Court confirms and adopts the Report and

Recommendation's finding that the statute of limitations ran from May 29, 2001 to July 16, 2001.

Petitioner further argues that, under Abela, the statute of limitations should have been tolled (i) after Petitioner's § 440.10 motion was denied until the filing of his application for a writ of certorari, i.e., from October 30, 2001 to January 28, 2002, and (ii) during the pendency of that application, i.e., from January 28, 2002 to May 13, 2002.  While the Sixth Circuit in Abela did toll the statute of limitations "between the denial of petitioner's state post-conviction claim and the denial of his petition for a writ of certiorari on the claim before the Supreme Court," 348 F.3d at 172-73, the Sixth Circuit stands alone in so holding.  The majority view among the circuits is that the statute of limitations is not tolled during either (i) the time in which a certiorari application would be permissible but was not actually filed or (ii) the actual pendency of a certoriari petition.  See Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000)(holding that the statute of limitations is not tolled during the period when an application for a writ of certorari is not actually filed); Stokes v. Philadelphia, 247 F.3d, 542 (3d Cir. 2001)(holding that the statute of limitations is not tolled during the period Petitioner was seeking certiorari); Crawley v. Catoe, 257 F.3d 395, 399-401 (4th Cir. 2001)(same); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.

1999)(same); <u>Isham v. Randle</u>, 226 F.3d 1033, 1035 (8th Cir.

2001)(same); <u>Rhine v. Boone</u>, 182 F.3d 1153, 1155 (10th Cir.

1999)(same); <u>Coates v. Byrd</u>, 211 F.3d 1225, 1227 (11th Cir.

2000)(same); <u>see generally</u> <u>Smaldone</u>, 273 F.3d at 136-38 (2d Cir.

2001)(summarizing reasoning used by other circuits in finding

that the limitations period is not tolled during the pendency of

a certiorari petition).  The Second Circuit in <u>Smaldone</u>

explicitly followed the majority of circuits in holding that the

statute of limitations is not tolled when a writ of certiorari

could have been filed but was not and, although not required to

reach the question in that case, expressed its "intent to join

[the] sister circuits" in their holdings that the pendency of a

certiorari petition does not toll the statute of limitations.

<u>Smaldone</u>, 273 F.3d at 136-38.  Moreover, the <u>Smaldone</u> court held

that the word "State" in 28 U.S.C. 2244(d)(2) modifies the

entire phrase "post-conviction or other collateral review."

<u>Id.</u>; <u>see also</u> <u>Stokes</u>, 247 F.3d at 542; <u>Crawley</u>, 257 F.3d at 400;

<u>Isham</u>, 226 F.3d at 695; <u>Rhine</u>, 182 F.3d at 1156.  Because

Petitioner's application for a writ of certiorari in the Supreme

Court is not an "application for <u>State</u> post-conviction or other

[<u>State</u>] collateral review," it is not among the applications

that toll the statute of limitations.[2]  See <u>Smaldone</u>, 273 F.3d at

---

[2] In addition, before a petitioner's habeas claims can be considered in Federal
District court, the petitioner must first exhaust in the state courts any
constitutional claims he wishes to raise in a federal forum.  <u>Smaldone</u>, 273

137.  In this case, therefore, this Court agrees with the

recommendation of Judge Freeman that the statute of limitations

is not tolled for both the time in which Petitioner could have

filed, but did not file, an application for a writ of certiorari

and the pendency of Petitioner's certiorari petition.

    4. Equitable Tolling Claims

    Petitioner's objection also argues that the statute of

limitations should be equitably tolled while he was in jail,

because he was not permitted to use the law library.  In order

to equitably toll the Antiterrorism and Effective Death Penalty

Act ("AEDPA") limitations period, a petitioner must demonstrate

that rare and extraordinary circumstances prevented him from

filing his petition on time.  See Smith v. McGinnis, 208 F.3d

13, 17 (2d Cir. 2000)(holding that merely exhausting claims in

the coram nobis petition does not trigger equitable tolling);

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir.

2001)(holding that petitioner failed to demonstrate that but for

the deprivation of access to legal material, he would have filed

a timely habeas petition).  Further, a petitioner must

"demonstrate a causal relationship between the extraordinary

---

F.3d at 137.  Statutory tolling is allowed for properly filed applications
for State post-conviction or other collateral review because it is considered
inequitable to require the exhaustion of state court claims before
considering a habeas claim if the one-year statute of limitations period will
continue to run.  However, a petitioner is not required to seek certiorari
from the United States Supreme Court before filing a federal habeas claim.
See Smaldone, 273 F.3d at 137.  Therefore, the justification for tolling the
statute of limitations during applications for state post-conviction and
collateral review does not exist for petitions for a writ of certiorari.

circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Hizbullahankhamon, 255 F.3d at 75.

Petitioner alleges that he was not permitted to use the library in jail until January 2001, that the materials in the library were outdated New Hampshire materials, and that when he was finally escorted to the local public law library, those visits were not sufficient. However, "[h]ardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted." Saldana v. Artuz, No. 99 Civ. 5089, 2000 WL 1346855, at *2 (S.D.N.Y. Sept 19, 2000). In Saldana, Petitioner's difficulty accessing library books and spending six months in lock down were insufficient to constitute the rare circumstances necessary to grant equitable tolling. Id. Similarly, Petitioner's inability to use the library room for a few weeks[3] and access to only out of date New Hampshire materials constitute ordinary hardships associated with prison conditions and are insufficient to constitute the rare and exceptional circumstance necessary to grant equitable tolling.

---

[3] Petitioner was ultimately escorted to the local public law library.

11

Petitioner further argues that under <u>Baldayaque v. U.S.</u>, 338 F.3d 145, 153 (2d Cir. 2003), lack of access to forms of legal assistance equitably toll the statute of limitations.  The facts surrounding Petitioner's legal assistance are readily distinguishable from those in <u>Baldayaque</u>.  In <u>Baldayaque</u>, his attorney failed to file petitions, failed to conduct legal research for his case, failed to attempt to locate his client when his letter to him was returned, "failed to keep his client reasonably informed about the status of the case, and failed to explain the matter to the extent reasonably necessary to permit [him] to make informed decisions regarding the representations." <u>Baldayaque</u>, 338 F.3d at 152.  In short, the attorney's conduct was "sufficiently egregious [to] constitute the sort of extraordinary circumstances that would justify the application of equitable tolling to the one-year limitations period of AEDPA."  <u>Baldayaque</u>, 338 F.3d at 152-53.  Petitioner's difficulty accessing current legal materials is a hardship inherent in incarceration and, therefore, not sufficient to constitute the rare and exceptional circumstance necessary to grant equitable tolling.  Accordingly, the Court confirms and adopts the Report and Recommendation on this point and finds that the statute of limitations ran from December 14, 2000 through March 19, 2001.

**II.  Due Diligence**

Petitioner argues that his claims of Invalid Plea and Ineffective Assistance of Counsel are timely because (i) he had no reason to know of the factual predicates for his claims before the cut-off date of September 15, 2000 and (ii) Magistrate Judge Freeman incorrectly used a "meticulous" diligence standard in assessing his diligence in ascertaining the factual predicates for his claims instead of the required "reasonable" diligence.

Under 28 U.S.C. § 2244(d)(1), the limitations period for claims for habeas relief may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, a petitioner bears the burden of establishing that he was unable to discover the factual predicate of his claims before the asserted dates on which they could have been discovered through the exercise of due diligence. In other words, a petitioner has the obligation to explain why he did not take action to discover the predicate earlier. See Duamutef v. Mazzucua, No. 01 Civ. 2553, 2002 WL 413812, at *8-9 (S.D.N.Y. Mar. 15, 2002); Sorce v. Artuz, 73 F. Supp. 2d 292, 298 (S.D.N.Y. 1999).

Adding the periods where tolling would be appropriate (as detailed above), totaling 359 days, to the one-year AEDPA statute of limitations, yields 724 days. Counting back 724 days

13

from the date the petition was filed, this court arrived at the date September 15, 2000. Thus, the petition should be deemed timely only if, with the exercise of reasonable diligence, Petitioner could not have known of the factual predicates of his claims before September 15, 2000. Because Petitioner has not met his burden of establishing that, with the exercise of reasonable diligence, he was unable to discover the factual predicate of his claims before the statutory cut-off date, the claims must be dismissed as untimely. See Wims, 225 F.3d at 190.

First, Petitioner has offered no new evidence regarding his Ineffective Assistance of Appellate Counsel claim to rebut Judge Freeman's finding that, "even though a client is understandably trusting of his counsel, Petitioner had more than sufficient information by November 1999 to lead him to investigate the truth of his counsel's representations at that time, but [] Petitioner – unreasonably – failed to do so." Second Supplemental Report and Recommendation at 16 (internal quotation marks omitted). Second, the Court notes that because Petitioner has admitted to receipt of information that formed the factual predicate of his claims even earlier than formerly thought, Petitioner's Invalid Plea claims may be untimely by a wider margin than previously determined. See Second Supplemental Report and Recommendation at 15-16. Specifically, Petitioner

14

has stated that he fled the country in May 25, 2000 as a result
of being ordered to complete his probation term in New York.
Pet. Ex. 27.  The dates on which the official notice of
probation violation and the probation violation warrant were
issued – June 21, 2000 and July 11, 2000 – fall well after
Petitioner had the information necessary to pursue his claim.
See Petitioner's Objections at 2.

Thus, Petitioner's argument that Magistrate Judge Freeman
incorrectly used a "meticulous" diligence standard in assessing
his diligence instead of the required "reasonable" diligence, is
not only unsupported by factual examples but also contradicted
by his own admissions.  Upon review, therefore, this Court finds
that the reasonable diligence standard was properly – and even
leniently – applied.  This Court therefore confirms and adopts
the Report and Recommendation's finding that Petitioner's claims
are untimely.  Accordingly, Petitioner's claims of Invalid Plea
and Ineffective Assistance of Appellate Counsel are dismissed as
time-barred.

## III. Walker Claims

Finally, Petitioner argues that his Invalid Plea and
Ineffective Assistance of Appellate Counsel claims should render
his entire petition timely.  Because neither of these claims
were themselves timely, they were insufficient to revive his
entire petition.  Therefore, this Court confirms and adopts the

15

Report and Recommendation's finding that Petitioners remaining

claims are dismissed as time-barred.

## IV. Certificate of Appealability

Petitioner has requested that the Court issue a certificate

of appealability. Because the Petitioner has not made a

substantial showing of a denial of a federal right and appellate

review is, therefore, not warranted, Petitioner's request is

denied. See Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir.

1998); Rodriquez v. Scully, 905 F.2d 24 (2d Cir. 1990).

Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), should the

Petitioner seek to appeal in forma pauperis, any appeal from

this Order would not be taken in good faith. Coopedge v. United

States, 369 U.S. 438 (1962); Tankleff, 135 F.3d at 241;

Rodriquez, 905 F.2d at 24.

## IV. Conclusion

For the foregoing reasons, this Court confirms and adopts

the Second Supplemental Report and Recommendation in its

entirety and denies Petitioner's objections and request for a

certificate of appealability.


**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE


Dated:     New York, New York
           October 31, 2005

16